# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS,<br><br>  Petitioner,<br><br>  v.<br><br>THE DAVIDIAN SEVENTH-DAY ADVENTIST ASSOCIATION,<br><br>  Respondent. | Case No.  1:25-mc-00007-SAB<br><br>ORDERING DIRECTING RESPONDENT TO FILE SUPPLEMENTAL BRIEFING RE: REQUEST TO SEAL<br><br>(ECF No. 13)<br><br>**MARCH 3, 2025 DEADLINE** |

On January 28, 2025, General Conference Corporation of Seventh-Day Adventists ("Petitioner") filed a motion for protective order pursuant to Fed. R. Civ. P. 26(c) preventing The Davidian Seventh-Day Adventist Association ("Respondent") from taking the deposition of Secrets Unsealed ("Third Party"), or in the alternative, limiting the scope and time of any such deposition. (ECF No. 1.)  The hearing is currently set for March 12, 2025.

On February 19, 2025, Respondent filed a redacted opposition brief with two redacted supporting exhibits.  (ECF No. 12.)  Respondent also filed a notice of request to seal indefinitely limited portions of its opposition brief and two supporting exhibits pursuant to Local Rule 141.  (ECF No. 13.)   Both the notice and the unredacted version of the documents were served on Petitioner and the Third Party on February 19, 2025.  No party submitted an opposition to the notice of request to seal and the time to do so has passed.  See L.R. 141(c).  Although no party opposes Respondent's request, the Court shall order that Respondent provide supplemental

briefing to address the following issues.

There is a presumption in favor of public access to court records. See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp. (Phillips), 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern whether documents should be sealed: a "compelling reasons" standard, and a "good cause" standard. Id. at 1179; Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2010). The "good cause" and "compelling reasons" standards should not be conflated; a "good cause" showing will not, without more, satisfy the "compelling reasons" test. Kamakana, 447 F.3d at 1180.

Generally, the compelling reasons standard is applied. See Ctr. for Auto Safety v. Chrysler Grp., LLC (Auto Safety), 809 F.3d 1092, 1096–97 (9th Cir. 2016), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016). Under the compelling reasons standard, the party seeking to have a document sealed must articulate compelling reasons supported by specific factual findings; it must identify the interests that favor secrecy; and it must show that these specific interests outweigh the general history of access and the public policies favoring disclosure, such as the public's interest in understanding the judicial process. Kamakana, 447 F.3d at 1179–81.

The "good cause" standard, however, is an exception that the Ninth Circuit "carved out . . . for sealed materials attached to a discovery motion unrelated to the merits of a case" or documents only tangentially related to the underlying cause of action. Auto Safety, 809 F.3d at 1097; see also Kamakana, 447 F.3d at 1179–80 (a "particularized showing" under the "good cause" standard of Rule 26(c) will "suffice [] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions."). While it "presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard," Pintos, 605 F.3d at 678, the party seeking protection nevertheless bears the burden of showing specific prejudice or harm will result, Phillips, 307 F.3d at 1210–11, and must make a "particularized showing of good cause with respect to any individual document," San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). For example, a "particularized

showing" that public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden" will suffice to seal non-dispositive records. Fed. R. Civ. P. 26(c)(1); Kamakana, 447 F.3d at 1180. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, are insufficient. Phillips, 307 F.3d at 1211 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)).

The only issue in this miscellaneous matter is whether Respondent is entitled to depose the Third Party, and if so, whether any limitation as to the scope and time of any such deposition is necessary. It appears the applicable standard Respondent must meet in sealing documents in support of Petitioner's discovery motion is that of "good cause."[1] Respondent's publicly docketed notice of request to seal proffers Exhibit 6 has been designated Highly Confidential/Attorneys' Eyes Only by another third-party Adventist Laymen's Services and Industries ("ASI") pursuant to the Standard Protective Order of the United States Trademark Trial and Appeal Board (the "Protective Order"). (ECF No. 13.) Respondent further contends Exhibit 7 has been designated by third-party Farm Stew International as Confidential pursuant to the Protective Order. (Id.) Respondent also proffers that the limited redactions in the opposition brief on page 10, lines 8-20, refer to portions of Exhibits 6 and 7. (Id.)

In its sparse briefing submitted to the Court pursuant to Local Rule 141, Respondent does not provide further information that aids the Court in determining whether good cause exists to seal the proposed documents. In particular, Respondent makes no showing of specific prejudice or harm that will result from public disclosure. Respondent's request does not contain articulated reasoning how the proposed documents are "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The extent of Respondent's analysis is that the proposed documents have been designated by separate third parties to be confidential pursuant to an existing protective order in the underlying administrative proceeding. However, the Protective Order has not been submitted to the Court nor is any

---

[1] The Court notes, however, that the only case Respondent cites in support denied a request to seal for failure to meet "compelling reasons" standard where the parties failed to explain why alleged information was protectable as trade secret. See Berlanga v. Polaris Indus., Inc., No. 2:21-cv-00949 KJM DMC, 2023 WL 3168514, at *1 (E.D. Cal. Apr. 28, 2023).

declaration offered that asserts the Protective Order cannot be provided to the Court. The Court shall therefore require that Respondent submit supplemental briefing to provide the Protective Order, submitted pursuant to Local Rule 141 if necessary, or otherwise make a particularized showing of good cause with respect to each proposed document.

Accordingly, IT IS HEREBY ORDERED THAT, Respondent shall file, **no later than March 3, 2025**, a supplemental brief, submitted pursuant to Local Rule 141 if necessary, addressing the issues described above.

IT IS SO ORDERED.

Dated:   **February 26, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4