# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS,<br><br>Petitioner,<br><br>v.<br><br>THE DAVIDIAN SEVENTH-DAY ADVENTIST ASSOCIATION,<br><br>Respondent. | Case No. 1:25-mc-00007-SAB<br><br>ORDER DENYING PETITIONER'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF Nos. 1, 18, 19)<br><br>**THIRTY-DAY DEADLINE** |

Currently before the Court is Petitioner General Conference Corporation of Seventh-day Adventists' ("Corporation") motion for protective order pursuant to Fed. R. Civ. P. 26(c) preventing Respondent The Davidian Seventh-Day Adventist Association ("Davidian") from taking the deposition of Secrets Unsealed, or in the alternative, limiting the scope and time of such deposition.

A hearing was held in this discovery matter on March 12, 2025. (ECF No. 20.) Counsel Bryce Maynard, Kimberly Arouh, S. Lloyd Smith, Todd McFarland appeared for Corporation. Counsel Theodore Chiacchio appeared on behalf of Davidian. No counsel or representative appeared on behalf of nonparty Secrets Unsealed.

Having considered the moving, opposition, and reply papers, the record, and the arguments presented at the March 12, 2025 hearing, the Court shall, for the following reasons, deny Corporation's motion for protective order.

1

# I.

# BACKGROUND

### A. Relevant Parties

The governing body of the Seventh-day Adventist Church (the "Church") is the General Conference of Seventh-day Adventists (the "General Conference"). (Declaration of Justin Baham ("Baham Decl."), ECF No. 1-3 at ¶ 4.) Petitioner Corporation is the corporation established to hold title to the General Conference's assets, including trademarks and other intellectual property. (Id. at ¶ 2.) Corporation is the owner of U.S. Trademark Registration No. 1,177,185 for the mark "Seventh-day Adventist," for its use since 1860, and U.S. Reg. No. 1,171,760 for the mark "General Conference of Seventh-day Adventists" (collectively, "SDA Marks"). (Id. at ¶ 5; ECF No. 1-1 at 8.)[1] Corporation automatically licenses its SDA Marks to Church entities that have denominational status and are listed in the Seventh-day Adventist Yearbook as well as local churches that are members of a local conference or union that is part of the General Conference. (Baham Decl. at ¶ 6.)

Secrets Unsealed, a non-party located in Fresno, California, is one of many ministries that support the Church but are legally separate from the Church structure. (Id. at ¶¶ 7-9.) Secrets Unsealed is not a denominational entity nor is it controlled by or legally affiliated with the Church. (Id.) Thus, Secrets Unsealed does not have a license to use the SDA Marks. (Id. at ¶ 9.)

Respondent Davidian is the owner of U.S. Trademark Registration No. 6,540,552 for the mark "The Davidian Seventh-day Adventist Association" (the "Davidian Mark"), which was issued in 2021. (ECF No. 1-1 at 8.)

### B. Underlying TTAB Action

Months after Davidian was issued the Davidian Mark, Corporation filed a petition for cancellation with the Trademark Trial and Appeal Board ("TTAB"), seeking cancellation of Davidian's registration based upon Corporation's prior rights in its SDA Marks. (ECF No. 1-1 at 8.) Corporation cited priority and likelihood of confusion with respect to the SDA Marks. (ECF

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

No. 19 at 8.) Davidian has filed a counterclaim for cancellation of Corporation's trademark registrations. (ECF No. 1-1 at 8-9.) As part of its defense and counterclaim, Davidian claims it has identified unregulated third-party use of the SDA Marks, which allegedly weakens the SDA Marks and shows that the SDA Marks have been abandoned. (ECF No. 19 at 8.) Davidian alleges that Secrets Unsealed is one such third-party user of the claims SDA Marks. (Id.)

### C. Procedural History of the Secrets Unsealed Subpoena

On June 4, 2024, Davidian obtained a subpoena for the production of documents and deposition testimony from Secrets Unsealed. (ECF No. 1-2 at 5.) Therein, Davidian requested documents and testimony related to seven topics: (1) communications between Secrets Unsealed and the SDA Church; (2) communications between Secrets Unsealed and the SDA Church regarding Secrets Unsealed's operations; (3) communications between Secrets Unsealed and the SDA Church regarding goods and/or services offered by Secrets Unsealed; (4) communications between Secrets Unsealed and the SDA Church regarding use of the name "Seventh-day Adventist" and/or any other name containing the term "Seventh-day Adventist"; (5) all documents and testimony related to Secrets Unsealed's authorization to use the name "Seventh-day Adventist" and/or any other name containing the term "Seventh-day Adventist"; (6) agreements between Secrets Unsealed and the SDA Church, whether written or oral; (7) documents and testimony sufficient to show whether and to what extent there exists any formal business relationship and/or affiliation between Secrets Unsealed and the SDA Church. (Id. at 9-10; 13-14.)

On June 28, 2024, counsel for Secrets Unsealed objected to the scope of the subpoena. (Id. at 16-17.) The same day, counsel for Davidian sent a letter noting Davidian's disagreement with the objections but agreeing to narrow the definition of the "SDA Church" to the General Conference, the North American Division ("NAD"), and the unions and local conferences within the NAD. (Id.) Davidian also agreed to limit the scope of both the document requests and the deposition topics in the subpoenas to the past five years, except:

> written agreements related to the use of "Seventh-day Adventist";
> written agreements related to quality control/oversight by the SDA Church over Secrets Unsealed's goods and services, including

>agreements touching on the ability or inability of the SDA Church to oversee the biblical, moral, doctrinal, social philosophies and teachings, and practices that Secrets unsealed may endorse or condone, and those that Secrets Unsealed may not; and foundational documents/mission statements of Secrets Unsealed discussing the core principles of Secrets Unsealed.

(Id. at 17.)

On July 30, 2024, Secrets Unsealed produced 990 pages of documents responsive to the subpoena. (ECF No. 12-2 at 2.) From August 2024 through December 2024, counsel for Davidian, Secrets Unsealed, and Corporation conferred to schedule the deposition of Secrets Unsealed's Rule 30(b)(6) witness. (ECF No. 19 at 8.) The parties scheduled the deposition for January 21, 2025. (Id.) However, on January 17, 2025, Corporation notified Davidian and Secrets Unsealed that it intended to seek a protective order. (ECF No. 1-1 at 9.) Secrets Unsealed agreed that the deposition should be postponed pending the outcome of the instant motion. (Id.)

On January 28, 2025, Corporation filed the instant protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure requesting that the Court prohibit Davidian from taking the deposition of Secrets Unsealed, or, alternatively, (1) limit the scope of any such deposition to topics directly relevant to the use in commerce of the SDA Marks; (2) place a strict time limit on the deposition of not more than two hours; and (3) prohibit Davidian from asking any questions regarding Secrets Unsealed's religious or theological beliefs or principles. (ECF No. 1-1.) Davidian filed its opposition on February 19, 2025. (ECF No. 12.) Corporation filed an untimely reply brief on March 3, 2025. (ECF Nos. 8, 18.)

## II.

## DISCUSSION

"The TTAB is an administrative tribunal of the [Patent and Trademark Office ("PTO")] with jurisdiction over adversarial proceedings regarding the registrability of a trademark. Waterdrop Microdrink GmbH v. Qingdao Ecopure Filter Co., Ltd, No. 2:23-MC-00123-JLS-PD, 2024 WL 277461, at *2 (C.D. Cal. Jan. 18, 2024) (citing 15 U.S.C. §§ 1063, 1064, 1066, 1067(a)). However, the TTAB "does not have the authority to compel witnesses through the

4

1  subpoena power to appear for testimony in its proceedings." Id. (citation omitted). Accordingly,
2  under 35 U.S.C. § 24, Congress granted district courts "the limited function in contested PTO
3  matters of 'issu[ing] and enforc[ing] subpoenas in connection with the preparation of evidence for
4  submission' to the administrative tribunal." Id. (citations omitted). The statute expressly notes
5  that "[t]he Federal Rules of Civil Procedure relating to the attendance of witnesses and to the
6  production of documents and things shall apply to contested cases in the [PTO]." 35 U.S.C. § 24.
7  Accordingly, the Court has authority to consider this limited discovery matter.

        **A.    Corporation's Standing to Seek Protective Order**

9  Secrets Unsealed, the nonparty from whom discovery is sought, has not objected to the
10 scope of the deposition topics contained in the subpoena as modified June 28, 2024, nor has it
11 filed a motion to quash. Rather, it produced 990 pages of responsive documents on July 30, 2024
12 and by all accounts planned to produce a Rule 30(b)(6) witness for a January 21, 2025 deposition.
13 There is no indication in the record that Corporation objected to either the original or tailored
14 scope of the subpoena related to document production.

15 However, Corporation now seeks a protective order preventing Davidian from taking the
16 deposition of Secrets Unsealed's Rule 30(b)(6) witness pursuant to Rule 26(c). Corporation
17 confirms it does not seek to quash the subpoena pursuant to Rule 45. (ECF No. 18 at 7.)
18 Corporation argues it has standing to contest the deposition sought from nonparty Secrets
19 Unsealed under Rule 26(c) on the grounds that (1) the requested testimony is irrelevant and/or
20 overbroad; (2) Corporation has a personal interest in preventing the deposition as Davidian seeks
21 confidential information implicating the relationship between Corporation and Secrets Unsealed;
22 and (3) the testimony sought would violate nonparty "Secret's Unsealed's (and indirectly,
23 [nonparty] the General Conference's) First Amendment rights." (ECF No. 1-1 at 10-11; 15-16.)

24 Davidian argues Corporation lacks standing to seek a protective order because it is not the
25 party from whom discovery is sought. (ECF No. 19 at 10-11 (citing Fed. R. Civ. P. 26(c)(1)).)
26 Davidian contends only Secrets Unsealed has standing under Rule 26(c) to seek a protective order
27 from the subpoena. Davidian argues Corporation's only available recourse was to timely file a
28 motion to quash pursuant to Rule 45(d)(3), however the deadline to do so has long passed.

1    Rule 26(c) of the Federal Rules of Civil Procedure states in pertinent part that "[a] party or any person from whom discovery is sought may move for a protective order….The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1). District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Peccia v. Dep't of Corr. & Rehab., No. 2:18-CV-03049 JAM AC, 2020 WL 2556751, at *3 (E.D. Cal. May 20, 2020). The Court recognizes that district courts in the Ninth Circuit disagree whether a party or non-party has standing to seek a protective order under Rule 26(c) if that party is not one from whom discovery is sought. See PlayUp, Inc. v. Mintas, No. 2:21-cv-02129 GMN NJK, 2024 WL 472639, at *2 (D. Nev. Feb. 6, 2024) (noting that "[t]he Ninth Circuit has not issued governing precedent settling the standing issue[]…, and the non-binding authority is in disarray"). Specifically, courts disagree whether the qualifier "from whom discovery is sought" applies only to "any person" or both "[a] party or any person." Compare KeyBank Nat'l Ass'n v. Neumann Dermatology LLC, No. CV-21-00133-PHX-JJT, 2022 WL 11861411, at *2 (D. Ariz. Jan. 3, 2022) (finding that Rule 26(c) "by its plain language provides that either a party or a non-party may seek a protective order, but only when that party or non-party is the one from whom discovery is sought"), with In re REMEC, Inc. Sec. Litig., No. 04-cv-1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) (finding "[a] party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by the discovery sought by a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information"), and Woodall v. Walt Disney Co., No. CV 20-3772-CBM(EX), 2023 WL 8042734, at *1 (C.D. Cal. Oct. 10, 2023) (granting party's motion for protective order over subpoenas to a nonparty that sought information "irrelevant to the parties' claims and defenses" and that were "unreasonably overbroad and disproportionate to the needs of the case.")

The Court agrees with Corporation that it has standing to move for a protective order under Rule 26(c). The Court finds Rule 26(c) affords a party the right to move for a protective order for discovery sought from a nonparty under Rule 26(c) *or* the nonparty from whom

6

discovery is sought may move for a protective order. The Court finds the Corporation, a party in the TTAB proceeding, has standing to move for a protective order under Rule 26(c) regarding Davidian's subpoena to Secrets Unsealed to protect its interest in preventing the discovery of irrelevant information.

### B. Corporation's Objections to the Discovery Sought

Although Corporation made no objections to Davidian's identical requests for document production from Secrets Unsealed, Corporation now objects to each of the same seven topics related to testimony of Secrets Unsealed's Rule 30(b)(6) witness.

It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34. Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). Rule 34(a) provides that a party may serve a request that is within the scope of Rule 26. Under the Federal Rule of Civil Procedure 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting Oppenheimer Fund, Inc., 437 U.S. at 351). While discovery should not be unnecessarily restricted, discovery is more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents. Dart Industries Co., Inc. v. Westwood

7

1 Chemical Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980).  In deciding discovery disputes, courts must be careful not to deprive the party of discovery that is reasonably necessary to their case.  Dart Industries Co., Inc., 649 F.2d at 680.  "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."  Gonzales, 234 F.R.D. at 680.

The Court shall deny Corporation's first request in its motion for a protective order to prohibit Davidian from taking *any* deposition testimony from Secrets Unsealed regarding their alleged use of the SDA Marks.  Corporation argues that Secrets Unsealed has produced 990 pages of documents and because none of the documents fall within the seven categories, the deposition of Secrets Unsealed on such topics is moot.  The Court is not persuaded.  Without objection from Corporation, Secrets Unsealed produced 990 pages of documents that it believed to be relevant to the requests.  Further, Davidian disputes Corporation's subjective analysis of the contents and relevance of the 990 documents. (See ECF No. 19 at 14-18 (providing specific examples from the documents produced).)  Davidian is entitled to testimony from Secrets Unsealed's Rule 30(b)(6) witness regarding those documents.

Additionally, even if the Court was persuaded by the Corporation's subjective analysis of each of the 990 pages of documents, the Court recognizes that a lack of communications or agreements reduced to writing does not mean no communications or agreements exist.  Indeed, the definition of "communication" in Davidian's deposition notice encompasses "communications by whatever means transmitted (i.e., *whether oral*, written, electronic, or other methods used), as well as any note, memorandum, correspondence, or other record thereof." (ECF No. 1-1 at 9, 13 (emphasis added).)  Davidian need not—but does—point to particular documents from the 990 pages produced by Secrets Unsealed that Davidian believes requires explanation via deposition testimony.  It may be that the testimony from Secrets Unsealed's Rule 30(b)(6) witness will be inadmissible in the TTAB proceedings, as Corporation argues, but information that is otherwise within the scope of discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Deposition testimony from a Rule 30(6)(b) witness for

an entity that produced nearly 1,000 pages it thought was relevant to Davidian's requests is within the scope of discovery.

Corporation's alternative relief sought from its motion for protective order is to limit the scope of the deposition to topics directly relevant to the use in commerce of the SDA Marks, impose a two hour time limit, and order that Davidian be prohibited from asking questions regarding Secrets Unsealed religious beliefs. Subject to the clarifications and compromises made by Davidian at the March 12, 2025 hearing, the Court shall deny Corporation's alternative request for a protective order.

Corporation contends every topic of deposition testimony sought by Davidian from Secrets Unsealed is overbroad and irrelevant to the TTAB proceeding. For the reasons previously discussed, the Court disagrees. Further, the Court notes the seven topics listed in the deposition subpoena are just that: topics. Secrets Unsealed produced nearly 1,000 pages of documents it thought was relevant to the requests. Corporation's subjective analysis of the documents—which Davidian disputes—does not grow the legs needed to establish deposition testimony related to the documents is irrelevant. At the March 12, 2025 hearing, Davidian confirmed that the focus of the questioning will be regarding usage of the SDA Marks. Davidian also represented that it will likely not delve into the SDA Church's control, or lack thereof, over Secrets Unsealed, given the sworn declaration of Justin Baham provided by Corporation in its motion. Davidian also compromised at the March 12, 2025 hearing that it was agreeable to limit the scope of topics in terms of activities undertaken by Secrets Unsealed that directly or indirectly involved the use of the SDA Marks. Given the clarifications and compromises proffered by Davidian at the March 12, 2025 hearing, coupled with the previous limitations to the definitions and temporal scope of the subpoena contained in Davidian's June 28, 2024 letter, the Court finds the deposition topics, as limited, are not irrelevant or overbroad.

The Court also declines to impose a strict time limit on the deposition of not more than two hours. Corporation contends that it would be highly burdensome for a small organization like Secrets Unsealed to have to produce a witness for a lengthy deposition in a case to which it is not a party and to which its activities have minimal or no relevance. (ECF No. 18 at 14.) Secrets

1  Unsealed has not objected on those grounds and Corporation has no standing to limit the
2  deposition on behalf of Secrets Unsealed's purported burden. Corporation fails to provide good
3  cause to impose a two-hour time limitation of a Rule 30(b)(6) witness, and the Court
4  independently finds none. Although a deposition lasting less than one day of seven hours will not
5  be imposed by this Court (Fed. R. Civ. P. 30(d)(1)), Davidian proffered at the March 12, 2025
6  hearing that it expected the deposition to take no more than four hours.

7  Finally, Corporation argues the testimony sought by Davidian would violate the First
8  Amendment by necessarily entangling this Court and the TTAB in the religious affairs of Secrets
9  Unsealed and the General Conference. In support, Corporation points to Davidian's June 28,
10 2024 letter, whereby counsel for Davidian limited the scope of the requests to "written
11 agreements related to quality control/oversight by the SDA Church over Secrets Unsealed's
12 goods and services, including agreements touching on the ability or inability of the SDA Church
13 to oversee the biblical, moral, doctrinal, social philosophies and teachings, and practices that
14 Secrets unsealed may endorse or condone, and those that Secrets Unsealed may not…" (ECF No.
15 1-2 at 17.) Corporation avers that "forcing Secrets Unsealed to testify regarding its biblical and
16 doctrinal beliefs and positions would violate the First Amendment and impose an undue burden
17 on [Corporation] and ultimately, on the General Conference…" and would necessarily entangle
18 this Court in Secret's Unsealed's religious beliefs. (ECF No. 1-1 at 15-16.)

19 The Court disagrees. As an initial matter, Corporation has no standing to invoke the First
20 Amendment privilege on behalf of Secrets Unsealed, the Church, or General Conference.
21 Corporation fails to articulate how its personal First Amendment rights are jeopardized by the
22 deposition testimony sought by Davidian from Secrets Unsealed. See In re REMEC, Inc., 2008
23 WL 2282647, at *1 (finding "[a] party can move for a protective order in regard to a subpoena
24 issued to a non-party if it believes its *own* interest is jeopardized by the discovery sought by a
25 third party….") (emphasis added).

26 Further, the topics as limited to the compromises made by Davidian at the March 12, 2025
27 hearing do not require this Court or the TTAB to become entangled in a dispute over religious
28 doctrine and practice. The Supreme Court has recognized that "First Amendment values are

10

1  plainly jeopardized when church property litigation is made to turn on the resolution by civil courts of controversies over religious doctrine and practice." Presbyterian Church v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church, 393 U.S. 440, 449 (1960).  However, the Supreme Court has also held that courts may apply "neutral principles of law" to resolve church property disputes. Jones v. Wolf, 443 U.S. 595, 604 (1979); Md. & Va. Eldership of the Churches of God v. Church of God at Sharpsburg, Inc., 396 U.S. 367, 367–68 (1970).

The underlying action is a trademark matter that involves religious entities.  The mere presence of religious entities, however, does not necessitate that the Court or TTAB make any interpretation of the meaning of church doctrine or conduct any theological inquiry into the Corporation's and Secret's Unsealed's religious beliefs.  Davidian's position in the underlying TTAB matter is that the Corporation has failed to adequately regulate the use of the SDA Marks and such failure constitutes abandonment, or whether the use by other third parties evinces genericness.  (ECF No. 18 at 20.)  Such determination can be made using neutral principals of law. Jones, 443 U.S. at 604.  The Court finds the topics, as limited by Davidian at the March 12, 2025 hearing, do not infringe upon Corporation's First Amendment rights nor do they require this Court or the TTAB to become entangled in any dispute over religious doctrine.

To the extent Davidian's deposition questions seek testimony that Corporation and/or Secrets Unsealed contends would violate their personal privilege under the First Amendment, this order does not preclude the affected party from raising appropriate objections at the deposition.

**C.    Informal Discovery Dispute Procedure for Depositions**

The Court shall retain jurisdiction over this action until the completion of the deposition of Secrets Unsealed's Rule 30(b)(6) witness, which shall take place within the next thirty-days.  If the parties encounter any issues that would benefit from judicial intervention during the deposition, the parties are directed to contact Courtroom Deputy Jan Nguyen for Court's availability to immediately resolve the dispute telephonically or via video conference.

///

///

///

**III.**

**CONCLUSION AND ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's motion for protective order (ECF No. 1) is DENIED;

2. The parties SHALL conduct the deposition of Secrets Unsealed's Rule 30(b)(6) witness within **thirty (30) days** of entry of this order. Any requests for extension of time must be supported by good cause;

4. The parties Court SHALL retain jurisdiction over this matter to address any issues related to the deposition of Secrets Unsealed's Rule 30(b)(6) witness; and

5. If the parties fail to request further resolution of any discovery dispute within the thirty (30) days after entry of this order, the Court will direct the Clerk of Court to close this miscellaneous discovery action.

IT IS SO ORDERED.

Dated:   **March 17, 2025**

STANLEY A. BOONE
United States Magistrate Judge